# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY and ALL INMATES PAST, PRESENT, & FUTURE, | Cause No. CV 12-00063-M-DLC-JCL |
| Plaintiff, | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| vs. | |
| WARDEN LEROY KIRKEGARD, | |
| Defendant. | |

This matter was filed on April 20, 2012 alleging that Montana State Prison failed to pay inmates minimum wage. On May 2, 2012, this Court issued an Order requiring Godfrey to indicate whether he is required to work, what work he is doing, where he works, who pays his wages, whether he performs work for the prison or for another entity, and whether he works for a federally certified prison industry. (Dkt. 4, p. 5). Godfrey was instructed that the amended complaint must be complete without reference to any prior pleading and once an amended complaint is filed it supersedes the original complaint. He was also advised that he had to file an amended complaint on the court-approved form which was provided by the Clerk of Court and he could not incorporate any part of the

1

original Complaint by reference. Godfrey was specifically warned that if he failed to use the court-approved form, the Court could strike the amended complaint and recommend dismissal of the case.

Instead of following the Court's instructions, Godfrey filed a one-page handwritten document entitled "Amendment to Original Complaint." In that document he requested that the seven other inmates who signed the original complaint be listed as plaintiffs and that the Court reconsider class certification and reconsider his request for the appointment of counsel. He also indicated that the information requested by the Court was on his application to proceed in forma pauperis and was available to the Court through an audit of the prison labor programs. Dkt. 6, p. 1.

## I. Screening Pursuant to 28 U.S.C. §§ 1915, 1915A

Godfrey's Amended Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A which allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court will now complete that prescreening process.

Godfrey failed to follow the Court's instructions to file his amended

2

complaint on the court approved form.  Moreover, his amendment to his original complaint is non-responsive and will be stricken.  Therefore, the Court will prescreen the original complaint.

Godfrey claims the prison's failure to pay inmates minimum wage is a violation of federal law.  The Fair Labor Standards Act ("FLSA") requires that employers pay employees a minimum hourly wage.  29 U.S.C. §§ 201-219. Prisoners are not categorically excluded from coverage under the FLSA.  *Hale v. State of Arizona*, 993 F.2d 1387, 1393 (9th Cir. 1993).  However, the FLSA's minimum wage requirement does not apply to Godfrey for two reasons.  First, the minimum wage provision of the FLSA applies only to "employees" engaged in, or producing goods for commerce or employed in an enterprise engaged in or producing goods for commerce.  29 U.S.C. § 206(a)(1).  There is no allegation in the Complaint that Godfrey's work at the prison involves producing goods for commerce.  In fact, Godfrey's account statement attached to his motion to proceed in forma pauperis (as referred to by Godfrey in his purported Amendment to Original Complaint), indicates Godfrey was employed in the prison food service.[1] This is not work involving the production of goods for commerce.

_____

[1]As Godfrey's account statement indicates he works for the prison food service, an outside employee does not appear to be involved.

3

Even if Godfrey were engaged in producing goods for commerce, his claims still fail as the Ninth Circuit in *Hale* "significantly narrowed the class of inmates even potentially covered by federal minimum wage standards." *Morgan v. MacDonald*, 41 F.3d 1291, 1292 (9th Cir. 1994). The Ninth Circuit explained that the "economic reality of the relationship between the worker and the entity for which work was performed lies in the relationship between the prison and prisoner. It is penological, not pecuniary." *Hale,* 993 F.2d at 1395 *citing Vanskike v. Peters,* 974 F.2d 806, 810 (7th Cir. 1992) ("Prisoners are essentially taken out of the national economy upon incarceration. When they are assigned work within the prison for purposes of training and rehabilitation, they have not contracted with the government to become its employees. Rather, they are working as part of their sentences of incarceration.")). In looking at the totality of the circumstances, the Ninth Circuit concluded that inmates working for a prison do "not bespeak an employer-employee relationship as contemplated by the FLSA." *Hale*, 993 F.2d at 1395. In addition, the Ninth Circuit observed that the primary policy concern of the FLSA — ensuring a minimum standard of living for all workers — does not apply to prisoners "for whom clothing, shelter, and food are provided." *Hale*, 993 F.2d at 1396.

Because the plaintiffs "worked for programs structured by the prison

4

pursuant to the state's requirement that prisoner work at hard labor, the economic reality is that their labor belonged to the institution." *Hale*, 993 F.2d at 1395. Thus, the Ninth Circuit held that "prisoners working for programs structured by the prison pursuant to a state's requirement that prisoners work at hard labor" are not "employees" of the prison entitled to be paid a minimum wage under the FLSA. *Hale*, 993 F.2d at 1395.

The *Hale* decision involved the Arizona statute governing inmate labor which provided that the state, "has the authority to require that each able-bodied prisoner . . . engage in hard labor for not less than forty hours per week . . ." *Hale*, 993 F.2d at 1394 *citing* Ariz. Rev. Stat. § 31-251(A). Similarly, under Montana law, "[a]ble-bodied persons committed to a state prison as adult offenders may be required to perform work as provided for by the department of corrections." Mont. Code. Ann. § 53-30-132.

The Ninth Circuit reached similar decisions with regard to the prison labor in Nevada (*Morgan v. MacDonald*, 41 F.3d 1291 (9th Cir. 1994)) and in California (*Burleson v. State of California*, 83 F.3d 311 (9th Cir. 1996). In fact, most federal district and appellate courts deciding similar cases have held the FLSA does not apply to prisoner laborers. *See Franks v. Oklahoma State Industries*, 7 F.3d 971 (1993)(the FLSA's definition of "employee" does not

extend to inmates working in prison); *Miller v. Dukakis*, 961 F.2d 7, 8 (1st Cir. 1992)(courts have uniformly denied FLSA and state minimum wage law coverage to convicts who work for the prisons in which they are inmates); *Danneskjold v. Hausrath*, 82 F.3d 37, 39 (2nd Cir. 1996)(FLSA does not apply to prison inmates whose labor provides services to the prison, whether the work is voluntary or not, whether it is performed inside or outside the prison, and whether or not a private contractor is involved); *Tourscher v. McCullough*, 184 F.3d 236, 243 (3rd Cir. 1999)(prisoners who perform intra prison work are not entitled to minimum wages under the FLSA); *Harker v. State Use Indus.*, 990 F.2d 131 (4th Cir. 1993) (FLSA does not apply to prison inmates performing work at prison workshop within the penal facility as part of rehabilitative program); *Loving v. Johnson*, 455 F.3d 562 (5th Cir. 2006)(prisoner employed in prison laundry not an employee under the FLSA); *Sims v. Parke Davis & Co.*, 453 F.2d 1259 (6th Cir. 1971)(inmates working at private drug clinic inside prison not covered by FLSA); *McMaster v. Minn.*, 30 F.3d 976, 980 (8th Cir. 1994); *Villarreal v. Woodham*, 113 F.3d 202, 207 (11th Cir. 1997)(pretrial detainee performing labor for benefit of the correctional facility and inmates not entitled to minimum wage protection of FLSA); *Henthorn v. Department of Navy*, 29 F.3d 682, 688 (D.C.Cir. 1994) (allegations that prisoner was assigned to work at a Naval Air Station and that

6

BOP set his rate of pay and actually paid him fail to state claim under FLSA).

There is one situation in which Godfrey might be entitled to minimum wage. Mont. Code Ann. § 53-30-132(5)(b) requires that "[i]nmates employed in a federally certified prison industries program must be paid the federal minimum wage . . ." . Here, Godfrey was working for the prison food service which is not likely to be a federally certified prison industries program. But even if Godfrey were working for a federally certified prison industries program–the payment of minimum wages is a state requirement–not federal. Therefore, there would be no subject matter jurisdiction over such a claim.

Godfrey is not an employee for purposes of the FLSA and therefore is not entitled to earn minimum wages.

## II. Motions for Reconsideration

Godfrey asks the Court to reconsider its denial of the motion for appointment of counsel, the denial of class certification, and the finding that Godfrey is the sole plaintiff in this case.

Pursuant to Local Rule 7.3(b), a motion for leave to file a motion for reconsideration must meet at least one of the following two criteria:

(1)     (A)     the facts or applicable law are materially different from the facts or applicable law that the parties presented to the Court before entry of the order for which

> reconsideration is sought, and
>
> (B)    despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; or
>
> (2)    new material facts emerged or a change of law occurred after entry of the order.

Godfrey does not even attempt to comply with this rule. His requests consists of two sentences, one asking that seven other inmates be listed as plaintiffs and a second sentence requesting that the Court reconsider the denial of counsel and class certification. He gives no reasons why the Court should reconsider these rulings. Godfrey has not established that the findings that he is the sole plaintiff in this case, or that the denial of counsel and class certification were inappropriate.

Moreover, this matter is being recommended for dismissal, thus it is pointless to add additional plaintiffs, appoint counsel or certify this case action as a class action.

## III. Conclusion

Taking Godfrey' allegations as true and construing them in the light most favorable to him, he has failed to state a federal claim upon which relief may be granted. These are not defects which could be cured by the allegation of additional facts. Accordingly, he has failed to state a claim and this case will be

recommended for dismissal.

### A.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Godfrey's allegations fail to state a claim upon which relief may be granted.

### B.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  *See Coppedge v. United*

*States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant case is frivolous as it lacks arguable substance in law or fact. Godfrey's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. Address Changes

At all times during the pendency of this action, Godfrey SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Godfrey has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

Godfrey's motions for reconsideration as contained in his "Amendment to Original Complaint" (Dkt. 6) are denied.

Further, the Court issues the following:

**RECOMMENDATION**

1.  This matter should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Godfrey's Complaint fails to state a claim upon which relief may be granted.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Godfrey may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Godfrey files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to these Findings and Recommendations may preclude Godfrey from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file

written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of August, 2012.

Jeremiah C. Lynch
United States Magistrate Judge