

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY and ALL INMATES PAST, PRESENT, & FUTURE,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN LEROY KIRKEGARD,<br><br>Defendant. | CV 12-00063-M-DLC<br><br>ORDER |

Plaintiff Tracey R. Godfrey, appearing pro se, brought this action on April 20, 2012 pursuant to 29 U.S.C. §§ 201-219 alleging that the prison's failure to pay inmates minimum wage is a violation of federal law under the Fair Labor Standards Act ("FLSA"). The matter was referred to Magistrate Judge Jeremiah C.

1

Lynch, who issued Findings and Recommendations on August 7, 2012. Judge Lynch recommended that Godfrey's claim be dismissed and a strike be designated under 28 U.S.C. § 1915(g), as Godfrey failed to state a claim upon which relief may be granted. Godfrey filed objections to the Findings and Recommendations, and is entitled to de novo review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). Having considered Godfrey's objections, Judge Lynch was correct in his application of the law, and his analysis and conclusions were valid. As the parties are familiar with the factual and procedural background, it will not be restated here.

# I

Godfrey's Complaint contends that the prison's failure to pay inmates minimum wage is a violation of federal law. Prisoners are not categorically excluded from coverage under the FLSA. *Hale v. Arizona*, 993 F.2d 1387, 1393 (9th Cir. 1993). Judge Lynch concluded that coverage under the FLSA does not apply to Godfrey for two reasons. Firstly, the Fair Labor Standards Act applies only to "employees" engaged in, or producing goods for commerce. 29 U.S.C. § 206(a)(1). Secondly, even if Godfrey did fall under the category of "employees" engaged in, or producing goods for commerce, his claims still fail when looking to

the judgment of the Ninth Circuit in *Hale v. Arizona,* 993 F.2d 1387, 1393 (9th Cir. 1993). The Court "significantly narrowed the class of inmates even potentially covered by federal minimum wage standards.". Godfrey's ineligibility for minimum wage under FLSA does not violate equal protection. *Morgan v. MacDonald,* 43 F.3D 1479 ( 9th Cir. 1994) (unpublished).

## II

### A.

Godfrey objects to the conclusion of Judge Lynch that he fails to fall under the category of "employees" covered by FLSA. Although prisoners were not categorically excluded from coverage under the FLSA, prisoners do "not bespeak an employer-employee relationship as contemplated by the FLSA." *Hale,* 993 F.2d at 1395. In *Morgan v. MacDonald,* the Ninth Circuit explained that the "economic reality of the relationship between the worker and the entity for which work was performed lies in the relationship between the prison and prisoner. It is penological, not pecuniary." 41 F.3d 1291, 1292 (9th Cir. 1994). Even though Godfrey was not "sentenced" to labor, and even if there is some element of choice in his labor, the relationship between prison and inmates remains penological. *Burleson v. State of Cal.,* 83 F.3d 311, 314 (9th Cir. 1996).

3

Godfrey also argues that he is engaged in, or producing goods for commerce. Godfrey failed to furnish relevant details about his employment and there is no allegation in the Complaint that Godfrey's work in prison involves producing goods for commerce. Judge Lynch in fact highlighted that Godfrey's account statement indicates Godfrey was employed in the prison food service. This work does not qualify as producing goods for commerce. Judge Lynch was correct in concluding that Godfrey does not fall under the scope of the Fair Labor Standards Act.

**B.**

Godfrey objects to the Order made by Judge Lynch recognizing Godfrey as the sole plaintiff. Godfrey is the only plaintiff who filed a motion to proceed in forma pauperis, and as a pro se litigant, he cannot represent anybody but himself. He further contends that Judge Lynch erred in denying class certification in this case. A prerequisite to class certification under Fed. R. Civ. P. 23 is that a proposed representative party be able to "fairly and adequately protect the interests of the class." As a pro se litigant, Godfrey is not sufficiently capable of representing the other inmates. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

## C.

Godfrey contends that a strike under 28 U.S.C. § 1915(g) should not be counted because his claim was valid. Godfrey's Complaint is subject to screening pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A which allows for the dismissal of a pro se prisoner complaint if it is frivolous or fails to state a claim. Godfrey was given the opportunity of submitting an amended complaint, but he failed to follow the Court's instructions. Judge Lynch was valid in counting the complaint as a strike pursuant to 28 U.S.C. § 1915(g). For the reasons discussed above and in Judge Lynch's Findings and Recommendations, Godfrey failed to state a claim for which relief may be granted.

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendations of Judge Lynch (doc. 7) are adopted in full;

IT IS FURTHER ORDERED that Plaintiff's claim brought pursuant to 29 U.S.C. §§ 201-219 is DISMISSED WITH PREJUDICE for failure to make a complaint upon which relief may be granted. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

IT IS FURTHER ORDERED that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because the plaintiff Tracey R. Godfrey failed to state a claim for which relief may be granted;

IT IS FURTHER ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 24th day of October 2012.

Dana L. Christensen, District Judge
United States District Court